# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRYANT JUNCO,**

    Plaintiff,

v.                                                            Case No. 24-CV-207

**CITY OF MILWAUKEE, et al.,**

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Bryant Junco sues the City of Milwaukee, Officer Ronald Edwards, and the Milwaukee Police Department ("MPD") under 42 U.S.C. § 1983. (Docket # 1.) Junco's complaint stems from an incident occurring on August 27, 2023 on the Summerfest grounds in the City of Milwaukee. (*Id.*) Junco alleges that his constitutional rights were violated when he was detained with handcuffs on suspicion of resale of tickets and trespassing. (*Id.*) Junco also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that Junco is not indigent for purposes of the federal *in forma pauperis* statute, his motion will be denied.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. §

1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

In his motion, Junco states that he is employed and his total monthly wages or salary is $1,500.00. (Docket # 2 at 2.) Junco also receives approximately $500.00 per month from income for an Airbnb. (*Id.*) Junco owns a vehicle worth $15,000.00 and has $2,000.00 in cash, checking, savings, or other similar account. (*Id.* at 3.) Junco estimates his total monthly expenses to be $2,434.00. (*Id.*) I acknowledge that Junco is by no means wealthy and appreciate that the $405.00 filing fee may uncomfortably stretch Junco's finances. However, Junco avers that he currently has $2,000.00 in cash, checking, savings, or other similar account. The Seventh Circuit instructs that the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Based on the information Junco provides, he is not currently in the position that he would be without legal remedy without the grant of *in forma pauperis* status. For these reasons, Junco's motion for leave to proceed without prepayment of the filing fee is denied.

Lastly, it is well-established law that the MPD is not subject to suit under § 1983. Because the police department is an agency of the City of Milwaukee, it cannot be sued separately from the city. *Birkley v. W. Milwaukee Police Dep't*, No. 22-CV-1313, 2023 WL 7130035, at *3 (E.D. Wis. Oct. 30, 2023). As such, if Junco proceeds with this case, he cannot assert a cause of action under § 1983 against the MPD.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is hereby **DENIED**. Plaintiff shall pay the filing fee by **March 5, 2024**. **Failure to pay the filing fee by March 5, 2024 will result in a recommendation that this action be dismissed**.

Dated at Milwaukee, Wisconsin this 20th day of February, 2024.

BY THE COURT

*[signature]*

NANCY JOSEPH
United States Magistrate Judge