UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRYANT JUNCO,

    Plaintiff,

v.

                                            Case No. 24-cv-207-pp

CITY OF MILWAUKEE,
MILWAUKEE POLICE DEPARTMENT
and RONALD EDWARDS,

    Defendants.

---

**ORDER ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 5), DENYING AS MOOT PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 6), DENYING AS MOOT PLAINTIFF'S SECOND MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 7) AND DISMISSING CASE**

---

    On February 14, 2024, the plaintiff—representing himself—filed a complaint against the City of Milwaukee, the Milwaukee Police Department and Milwaukee Police Officer Ronald Edwards. Dkt. No. 1. The complaint involves an August 27, 2023 encounter with defendant Edwards on the Summerfest grounds in Milwaukee. Id. The plaintiff alleges that his constitutional rights were violated when he "was detained with handcuffs on suspicion of resale of tickets and trespassing." Id. Along with his complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

    On February 20, 2024, Magistrate Judge Nancy Joseph reviewed the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4. Noting that the plaintiff reported being employed and receiving $1,500 in

1

monthly wages or salary, receiving an additional $500 in monthly income from Airbnb and having "$2,000.00 in cash, checking, saving, or other similar account[,]" Judge Joseph found that the plaintiff "[was] not currently in the position that he would be without legal remedy without the grant of *in forma pauperis* status." Id. at 2 (citing Dkt. No. 2). While she acknowledged that the plaintiff "estimates his total monthly expenses to be $2,434.00" and that he "is by no means wealthy," Judge Joseph observed that the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Id. (quoting Brewster v. N. Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972)). Finding that he could afford to pay the $405 filing fee, Judge Joseph denied the plaintiff's motion for leave to proceed without prepaying that fee, ordered the plaintiff to pay the filing fee by March 5, 2024 and warned him that failing "to pay the filing fee by March 5, 2024 will result in a recommendation that this action be dismissed." Id. at 2-3.

The court did not receive the filing fee by the March 5, 2024 deadline and on March 14, 2024, Judge Joseph recommended[1] that this district court dismiss the complaint without prejudice for failure to prosecute. Dkt. No. 5. Judge Joseph informed the plaintiff that he had fourteen days from the date of

---

[1] Because the defendants had not yet appeared and had the opportunity to consent to or refuse Judge Joseph's jurisdiction, Judge Joseph issued a report and recommendation—as opposed to a final order—recommending dismissal of the plaintiff's complaint. Dkt. No. 5 at 1 n.1 (citing Coleman v. Lab. & Indus. Rev. Comm'n, 860 F.3d 461 (7th Cir. 2017)).

2

her report and recommendation to file written objections, and that failing to file a timely objection would result in waiver of his right to appeal. Id. at 5. The clerk's office then reassigned the case to this district court.

Although the plaintiff did not file an objection to Judge Joseph's report and recommendation, he did file a motion asking that the court "reconsider" Judge Joseph's February 20, 2024 order denying his motion to proceed without prepaying the filing fee, and her recommendation that this court dismiss his complaint for failing to pay the filing fee by the court-ordered March 5, 2024 deadline. Dkt. No. 6. ("Motion for Reconsideration to [sic] Order to Denying Forma Pauperis and Recommendation for Dismissal"). The plaintiff's motion to reconsider informs the court that the plaintiff has sold the vehicle that he listed on his initial motion to proceed without prepaying the filing fee, and that he applied the "$4,100 in equity from the [sale] . . . to the purchase of a 2011 Ford Fusion with [an] estimated market value of $5,000." Id. Explaining that he "fully intend[s] on prosecuting this case," the plaintiff asserts that not allowing him to proceed without prepaying the filing fee in this matter will cause him "undue financial hardship" and will deny him "proper justice in this matter simply because [he] cannot afford to pay a filing fee." Id. at 2. The plaintiff ends by "ask[ing] the court to reconsider the order from February 20, 2024," in which Judge Joseph denied his motion to proceed without prepaying the filing fee, "and allow this matter to proceed without [the] filing fee." Id. Notably, the plaintiff does not address the reason why Judge Joseph denied him leave to

3

proceed without prepaying the filing fee—namely, that he reported receiving $2,000 in monthly income and having $2,000 in cash or savings.

The plaintiff also filed with his motion for reconsideration a second motion for leave to proceed without prepaying the filing fee. Dkt. No. 7. This second motion is similar to his first. The second motion indicates that the plaintiff pays $700 in monthly support for his two-year-old son. Dkt. Nos. 2 at 1; 7 at 1. It reports that the plaintiff's monthly income continues to be approximately $2,000 per month when combining his wages or salary with his income from Airbnb. Dkt. Nos. 2 at 2; 7 at 2. It states that the plaintiff's total monthly expenses now are $2,175—down from the $2,434 he listed on his previous motion.[2] Dkt. Nos. 2 at 3; 7 at 3. Finally, it shows that the plaintiff now has $1,780 in "cash or checking, savings, or other similar accounts," which is down from the $2,000 he listed on his first motion. Dkt. Nos. 2 at 3; 7 at 3.

After reviewing a magistrate judge's report and recommendation, a district court judge may accept, reject or modify, in whole or in part, the findings or recommendations the magistrate judge made in the report. Federal Rule of Civil Procedure 72(b). If a party objects to any part of the report, the district court must review those parts of the report *de novo* (in the first instance, without giving deference to the magistrate judge's findings). Id. "If no

---

[2] The decrease in the plaintiff's monthly expenses is due to the sale of a car that was costing him $384 in monthly payments—he now owns a cheaper car outright—and a new monthly expense of $125 for car insurance. Dkt. Nos. 2 at 2-3; 7 at 2-3; see also Dkt. No. 6 at 1.

4

objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

Again, although the plaintiff has asked the court to reconsider Judge Joseph's determination that he must pay the $405 filing fee to proceed with his case, he has not filed an objection to Judge Joseph's recommendation that this court dismiss his case for failure to prosecute. The court will review Judge Joseph's report and recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson, 170 F.3d at 739 (citations omitted).

In her February 20, 2024 order, Judge Joseph found that the plaintiff did not qualify as indigent for purposes of the federal *in forma pauperis* statute and so denied his motion to proceed without prepaying the filing fee. Dkt. No. 4. She rested her conclusion on the plaintiff's assertion that he was receiving $2,000 in monthly income and had $2,000 in cash or savings. Dkt. No. 4 (citing Dkt. No. 2). It was not clear error for Judge Joseph to determine from the plaintiff's proffered financial information that he did not qualify for *in forma pauperis* status, which, as she noted, "is reserved to the many truly impoverished litigants who, with in the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Dkt. No. 4 at 2 (quoting Brewster, 461 F.2d at 651). Nor was it clear error for her to require that the plaintiff pay the filing fee by March 5.

In her report and recommendation, Judge Joseph first observes that her February 20, 2024 order concluded that the plaintiff "was not indigent for

5

purposes of the *in forma pauperis* statute," "ordered [the plaintiff] to pay the filing fee by March 5, 2024" and "warned [the plaintiff] that failure to timely pay the filing fee would result in a recommendation that this action be dismissed." Dkt. No. 5 at 1-2 (citing Dkt. No. 4). Judge Joseph then observes that, as of March 14, 2024, the plaintiff still had not paid the filing fee. <u>Id.</u> Judge Joseph concluded that the plaintiff seemingly did "not intend to continue prosecuting this case," and, on that basis, recommended that his complaint be dismissed without prejudice. <u>Id.</u> (citing Civil Local Rule 41(c) (E.D. Wis.)).

Nothing about Judge Joseph's report and recommendation is clearly erroneous. She reviewed the plaintiff's motion to proceed without prepaying the filing fee and concluded that the plaintiff "is not currently in the position that he would be without a legal remedy without the grant of *in forma pauperis* status." Dkt. No. 4 at 2. That finding was not clearly erroneous. She ordered the plaintiff to pay the filing fee by March 5, 2024, warning him that his failure to do so would result her recommendation that his case be dismissed. By March 14, 2024, the plaintiff still had not paid the filing fee, had not asked for more time to do so and had not asked Judge Joseph to reconsider her order. Having heard nothing from the plaintiff, Judge Joseph followed through with the warning from her prior order and recommended that this district court dismiss the complaint without prejudice for failure to prosecute. "Courts have inherent authority to enforce their orders." <u>Mac Naughton v. Harmelech</u>, 932 F.3d 558, 566 (7th Cir. 2019) (citing <u>Link v. Wabash R.R. Co.</u>, 291 F.2d 542, 546 (7th Cir. 1961)). "The whole system would collapse if parties could always

6

disregard orders they disagree with." Id. (citing In re Mann, 311 F.3d 788, 789 (7th Cir. 2002)).

The plaintiff's motion to reconsider effectively asks this district court to reconsider an order that it never considered in the first instance. When Judge Joseph denied the plaintiff's motion to proceed without prepaying the filing fee, ordered that he pay the filing fee by March 5, 2024 and warned that his failure to do so would result in her recommendation that his complaint be dismissed, the plaintiff could have asked *Judge Joseph* to reconsider that order. When Judge Joseph made good on her warning and recommended that the plaintiff's complaint be dismissed, the plaintiff could have asked *Judge Joseph* to reconsider that order. Instead, the plaintiff asks *this* court to reconsider *Judge Joseph's* order denying his motion to proceed without prepaying the filing fee.

Perhaps the plaintiff intended his motion for reconsideration to be an *objection* to Judge Joseph's report and recommendation. But the plaintiff titled the document, "Motion for *Reconsideration* to Order Deny Forma Pauperis and Recommendation for Dismissal," and ended the document by "ask[ing] the court to *reconsider* the order from February 20, 2024." Dkt. No. 6 at 1-2 (emphasis added). The plaintiff's filing does not raise any specific *objections* to Judge Joseph's report and recommendation; it asks only that this court *reconsider* Judge Joseph's determination that he must pay the filing fee. Dkt. No. 6. Complicating matters further, the plaintiff asks this court to review a *second* motion to proceed without prepaying the filing fee, which presents new financial information that he did not present to Judge Joseph. Dkt. Nos. 6, 7.

7

Even if this court were it to consider the plaintiff's filing as a timely objection to Judge Joseph's report and recommendation, and review the report and recommendation under a *de novo* standard of review (in the first instance, without giving deference to her findings), the court would overrule the plaintiff's objection and adopt Judge Joseph's recommendation that this court dismiss the plaintiff's complaint. While the plaintiff's second motion to proceed without prepaying the filing fee indicates that he is not a wealthy individual, the financial circumstances he reports show that he has the ability to pay the $405 filing fee. While requiring the plaintiff to pay the filing fee may cause him to stretch his finances, it will not cause him to be without a legal remedy. Even reviewing the plaintiff's second motion *de novo,* the court would still conclude that the plaintiff must pay the filing fee, would adopt Judge Joseph's recommendation and would dismiss complaint without prejudice.

The court agrees with Judge Joseph's report and recommendation and **ADOPTS** it in full. Dkt. No. 5. The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the plaintiff did not comply with Judge Joseph's order to pay the filing fee.

The court **DENIES AS MOOT** the plaintiff's motion to reconsider, dkt. no. 6, and his second motion for leave to proceed without prepaying the filing fee, dkt. no. 7.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment.

See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he should be aware that the appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of April, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

9

Case 2:24-cv-00207-PP   Filed 04/29/24   Page 9 of 9   Document 8